# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN PROVISION, INC., | ) | CASE NO. 8:10CV344 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ARON PURETZ, PMP LLC, and HASTINGS ACQUISITION, LLC, nominal defendant, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Objection (Filing No. 44) to the Memorandum and Order of Magistrate Judge F.A. Gossett (Filing No. 42). For the reasons discussed below, the Objection will be denied, and Judge Gossett's Memorandum and Order will be affirmed.

## STANDARD OF REVIEW

In an appeal from a magistrate judge's order on a non-dispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

The Defendants moved to disqualify Plaintiff's counsel, David Domina, on the theory that Domina is a necessary witness in this action; and Judge Gossett denied the motion. The Defendants object to Judge Gossett's Memorandum and Order, specifically taking issue with his finding that: "[A]ny evidence sought to be elicited from Domina is available elsewhere. It is not apparent that there is relevant, disputed information that Domina possesses, which others do not." (Memorandum and Order, Filing No. 42, at 5.)

Defendants note that Domina participated in unsuccessful negotiations for an operating agreement between the parties, and that the facts of the negotiation process are relevant, if not central, to issues in this case. In the Defendants' Brief, they note that they will call as a witness Robert Rimberg, the lawyer who participated in the negotiation process on behalf of the Defendants, and that Domina was the only lawyer participating in the negotiations on behalf of the Plaintiff. (Defendants' Brief, Filing No. 44, at 3, 6.) The Defendants contend that the negotiation process collapsed due to the Plaintiff's overreaching and sharp practices, and that "[s]ubstantial evidence supporting these contentions [is] found in or framed by multiple telephone conversations in which only Domina was present." (*Id.* at 4.) Defendants add that "negotiations were crystallized in telephone conversations between the two attorneys during which, from Puretz's point of view, a lack of fair dealing and good faith were most poignantly shown." (*Id.*) While is it apparent that a telephone "conversation" must involve more than one person, and while it appears that Rimberg is competent to testify to what was said in those conversations, the Defendants "seek corroboration from Domina as a fact witness on those same telephone conversations and related matters." (*Id*. at 6.)

Defendants refer the Court to no authority suggesting that a party has a right to call adverse counsel as a witness for the purpose of corroborating the testimony of its own witnesses. Defendants then suggest that "there will be [a] tremendous awkwardness" if Domina questions Rimberg on these subjects in the presence of the jury, and that this Court "may reasonably feel obliged to place limitations on [the] factual testimony and arguments directed toward Domina's role in the negotiation process in order to preserve

2

decorum in the courtroom as well as properly pay homage to the separate roles of advocate and witness in a jury trial." (*Id*. at 6-7.)

Having reviewed and considered the pleadings (Filing No. 1, Attachment 1; Filing No. 6); the initial Motion, Briefs, and Indexes of Evidence (Filing Nos. 30, 31, 35, 37, 40, 41); Judge Gossett's Memorandum and Order (Filing No. 42); as well as the Objection (Filing No. 43); and the Briefs on the Objection (Filing Nos. 44, 49); this Court concludes that no part of Judge Gossett's Memorandum and Order is clearly erroneous or contrary to law, and, further, this Court is in full agreement with Judge Gossett's well-reasoned analysis. At this time, there is no persuasive evidence before the Court indicating that Domina has non-privileged information that is not readily available through other witnesses. As to the telephone conversations, Rimberg can testify to what Domina said and how he said it. There does not appear to be any issue as to inadmissible hearsay. While it appears that the *Plaintiff* may be at some disadvantage not being in a position to call Domina as a witness, that is the Plaintiff's choice. As to awkwardness, decorum, and homage, the Court will maintain each at its appropriate level at the time of trial.

## CONCLUSION

Magistrate Judge Gossett's Memorandum and Order denying the Defendants' Motion to Disqualify Plaintiff's Counsel is not clearly erroneous nor contrary to law and is affirmed.

IT IS ORDERED:

1. The Defendants' Objection to Magistrate Judge's Order (Filing No. 43) is denied; and

2. Magistrate Judge Gossett's Memorandum and Order denying Defendants' Motion to Disqualify Plaintiff's Counsel (Filing No. 42) is affirmed in all respects.

DATED this 4th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge