## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LINCOLN PROVISION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:10CV344** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **ARON PURETZ, PMP, LLC, and** | ) | **ORDER** |
| **HASTINGS ACQUISITION, LLC,** | ) | |
| **nominal defendant,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

    On or about March 4, 2010, Lincoln Provision, Inc. ("Plaintiff") and Defendant Aron Puretz ("Puretz") formed Hastings Acquisition, LLC ("Hastings"). Following its formation, Hastings acquired real estate located in the Nebraska counties of Adams and Lancaster. After differences developed between the members of Hastings, Plaintiff gave written notice of its intention to dissociate from Hastings. Plaintiff subsequently instituted this suit, seeking a determination of the value of its distributional interest.

    Title to the property acquired by Hastings was not recorded. Therefore, on July 2, 2012, this Court issued an order directing Defendants to advise the Court as to the status of the real estate title by or before July 17, 2012 (filing 95). On August 6, 2012, nearly three weeks after the deadline imposed by the Court, Defendants filed a status report indicating that the title transfer would be completed promptly (filing 100). On October 8, 2012, Plaintiff conducted an investigation in an effort to ascertain whether the real estate transfer had occurred. (Filing 118.) Plaintiff's investigation revealed that the transfer had not taken place. Plaintiff then moved the Court for a preliminary injunction forcing Defendants to complete the title transfer (filing 117).

    Defendants have filed an objection to the motion (filing 124), representing that the real estate deeds in question were filed on October 4, 2012 and October 9, 2012. Defendants request that they be awarded the attorneys' fees and costs associated with responding to

Plaintiff's motion. Defendants complain that had Plaintiff simply contacted their counsel to check on the status of the title transfer, Plaintiff would have had no need to file its motion for a preliminary injunction.

Because the transfer of title to the real estate is complete, Plaintiff's motion for a preliminary injunction will be denied. Defendants' request for attorneys' fees will also be denied. Defendants have had ample time to complete the real estate transfer, but have only recently done so. Plaintiff should not have been expected to contact opposing counsel regarding this matter, particularly given Defendants' lack of responsiveness in the past.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction ([filing 117](filing 117)) is denied. Defendants' objection ([filing 124](filing 124)) and request for attorneys' fees is likewise denied.

**DATED October 23, 2012.**

**BY THE COURT:**

S/ F.A. Gossett
**United States Magistrate Judge**
