IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LINCOLN PROVISION, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV344 |
| | ) | |
| V. | ) | |
| | ) | |
| **ARON PURETZ, PMP, LLC, and** | ) | ORDER |
| **HASTINGS ACQUISITION, LLC,** | ) | |
| nominal defendant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 14, 2012, Plaintiff filed a motion requesting that the Court compel Defendants to fully respond to Plaintiff's Second Set of Interrogatories and, additionally, grant Plaintiff leave to designate Wayne Kubert ("Kubert")[1] as an expert witness (filing 105). Defendants responded to Plaintiff's motion by filing a motion to strike Plaintiff's Second Set of Interrogatories (filing 116), arguing that the interrogatories exceed the permissible number of interrogatories previously agreed to by the parties. Defendants also objected to Plaintiff's proposed designation of Kubert as an expert because Kubert has been retained by Defendants and has not been engaged by Plaintiff.

For the reasons explained below, Plaintiff's motion will be granted to the extent it seeks to compel Defendants to respond to Plaintiff's Second Set of Interrogatories, but denied as to its request to designate Kubert as an expert witness. Defendants' motion to strike will be denied.

ANALYSIS

1.   **Motion to Compel & Motion to Strike**

On November 15, 2010, the parties stipulated that each party would be permitted to serve thirty-five interrogatories. On January 11, 2011, Plaintiff served Defendants with its First Set of Interrogatories. Plaintiff served Defendants with its Second Set of Interrogatories on September 7, 2011. On January 23, 2012, Defendants served an objection, with no answers, contending that the interrogatories exceeded the thirty-five interrogatory limit agreed to by the parties.

---

[1] Kubert is a real estate appraiser who rendered appraisal reports concerning the real estate acquired by Hastings Acquisition, LLC.

The Court will order Defendants to respond to Plaintiff's Second Set of Interrogatories. Assuming, without deciding, that Plaintiff's interrogatories exceed the permissible limit, Defendants should have nevertheless timely objected to the discovery requests on this basis. However, on account of Defendants' change of counsel in November, 2011, the Court will not deem Defendants' other objections, if any, to the interrogatories waived.

Defendants shall respond to Plaintiff's Second Set of Interrogatories by or before December 19, 2012. Any objections, other than those based upon the number of interrogatories served, may be asserted in Defendants' response to the discovery requests. Defendants' motion to strike (filing 116) is denied.

### 2. Request to Designate Kubert as Expert Witness

Plaintiff seeks leave to designate Kubert as an expert witness. In 2009, Kubert prepared two appraisal reports concerning the real estate that was acquired by Hastings Acquisition, LLC in 2010. Plaintiff contends that Kubert will testify concerning the conclusions reached in his 2009 appraisals, and the methods, data, data gathering and decisions described in his appraisal reports.

Defendants argue that Plaintiff has no right to designate Kubert as an expert witness because Kubert has been retained by Defendants as an expert and Plaintiff has not engaged Kubert to provide an appraisal as of the relevant time. Defendants further assert that the two 2009 appraisal reports referenced by Plaintiff are irrelevant. In a declaration offered in opposition to Plaintiff's motion, Kubert himself stated that the 2009 appraisals are not a reliable indication of value as of June, 2010, in view of changes in the condition of the property and the market. (Filing 119-1.)

Kubert was retained by Defendants as an expert and was not engaged by Plaintiff. Accordingly, the Court will deny Plaintiff's request to designate Kubert as an expert witness.

**IT IS ORDERED:**

1. Plaintiff's motion to compel answers to Plaintiff's Second Set of Interrogatories (filing 105) is granted as set forth above. Defendants shall respond to Plaintiff's Second Set of Interrogatories by or before December 19, 2012.

2. Plaintiff's request to designate Wayne Kubert as an expert witness (filing 105) is denied.

3. Defendants' motion to strike (filing 116) is denied.

**DATED December 5, 2012.**

                                   **BY THE COURT:**

                                   **S/ F.A. Gossett**
                                   **United States Magistrate Judge**