IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN PROVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV344 |
| | ) | |
| V. | ) | |
| | ) | |
| ARON PURETZ, PMP, LLC, and | ) | ORDER |
| HASTINGS ACQUISITION, LLC, | ) | |
| nominal defendant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the Court on Defendants' Motion in Limine or, in the Alternative, Motion to Compel. ([Filing 148](#).) To the extent that Defendants' motion seeks the production of materials, it will be granted. The motion will be otherwise denied.

### BACKGROUND

    On or about March 4, 2010, Lincoln Provision, Inc. ("Plaintiff") and Defendants Aron Puretz and PMP, LLC ("Defendants") formed Hastings Acquisition, LLC ("Hastings"), an Illinois limited liability company. After its formation, Hastings became the successful bidder for assets offered for sale and sold by a bankruptcy trustee in a proceeding in the United States Bankruptcy Court for the District of Nebraska. Differences developed between the members of Hastings and, as a result, Plaintiff ultimately gave notice of its intention to dissociate from Hastings.

    After the parties failed to reach an agreement with respect to the fair value of Plaintiff's distributional share of Hastings, Plaintiff instituted this suit under the Illinois Limited Liability Company Act, [805 ILCS §180/1-1](#), *et seq.*, seeking a determination of the value of its interest.

### 1. Motion in Limine

Defendants request that the Court exclude the expert testimony of Jeff Eastman ("Eastman"), Gordon Reisinger ("Reisinger") and James Stevens ("Stevens"). Defendants argue that these individuals' testimony regarding the issue of fair value should be excluded because they lack the specialized knowledge to assist the trier of fact and their opinions are inherently unreliable and unsupported by sufficient facts or data. The Court finds that exclusion of these individuals' testimony is neither warranted nor necessary.

Trial of this matter will be to the bench. The Court will determine the fair value of Plaintiff's distributional interest based on the evidence adduced at trial. The expert opinions go to the heart of the issues to be decided and the Court believes that the testimony could be helpful in determining fair value. The Court will assess the proper weight and consideration to be given to these individuals' testimony at trial. Accordingly, Defendants' motion in limine will be denied.

### 2. Motion to Compel

In the alternative, Defendants seek an order compelling Plaintiff to produce electronic copies of the excel files that generated the attachments to Plaintiff's Expert Witness Disclosure; the pro-formas identified as Deposition Exhibits 61, 62, 65, 68, 71, 72 and 74; and the electronic files that generated the lists of assumptions for the pro-formas prepared by Plaintiff's experts. Defendants claim that Plaintiff's lawyer, David Domina, previously agreed to produce the electronic copies of Plaintiff's experts' pro-formas, but has not done so. Defendants claim that they did not file a motion to compel Plaintiff to produce the documents at an earlier time given Mr. Domina's representation that the materials would be produced voluntarily.

In response, Plaintiff asserts that Defendants' motion is untimely. Plaintiff further maintains that it has already produced hard-copies of the documents and that it is not obligated to produce the documents in a different format.

The Court agrees with Defendants that the hard copies of the spreadsheets produced by Plaintiff are difficult to read and understand. From the hard copies, it is difficult to determine what pages comprise a complete pro-forma. Also, the hard copies are relatively hard to decipher because they do not appear to include all columns on one page. An electronic copy would seemingly be easier to understand because it would likely allow an individual to read all columns together. For these reasons, Defendants' motion to compel production of these materials will be granted.

Accordingly,

**IT IS ORDERED**:

1. Defendants' Motion in Limine or, in the Alternative, Motion to Compel (filing 148) is granted, in part.

2. Defendants' motion is granted to the extent it seeks production of computer copies of the excel files that generated the attachments to Plaintiff's Expert Witness Disclosure; the pro-formas identified as Deposition Exhibits 61, 62, 65, 68, 71, 72 and 74; and the electronic files that generated the lists of assumptions for the pro-formas prepared by Plaintiff's experts. Plaintiff shall produce the materials within ten (10) days of this Order.

3. Defendants' motion is denied to the extent it seeks to exclude the expert testimony of Jeff Eastman, Gordon Reisinger and James Stevens.

**DATED March 29, 2013.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**