# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LINCOLN PROVISION, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV344 |
| | ) | |
| V. | ) | |
| | ) | |
| **ARON PURETZ, PMP, LLC, and** | ) | **MEMORANDUM AND ORDER** |
| **HASTINGS ACQUISITION, LLC,** | ) | |
| nominal defendant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Renewed Motion for Judgment Pursuant to Rule 52(c), Motion for New Trial, and Motion to Alter, Amend, and Correct Judgment and Findings of Fact and Conclusions of Law (filing 219). Defendants' motion will be denied.

## BACKGROUND

In March of 2010, Plaintiff and Defendant Aron Puretz ("Puretz") formed Hastings Acquisition, LLC ("Hastings"), an Illinois limited liability company. Following its formation, Hastings successfully bid on asserts offered for sale in connection with a bankruptcy proceeding, thereby acquiring title to bovine slaughter and processing plant real estate in Adams County Nebraska and bovine processing facility real estate in Lancaster County, Nebraska. Differences developed between the members of Hastings and, as a result, they were unable to negotiate an operating agreement. As a result, Plaintiff dissociated from Hastings. Plaintiff's dissociation did not result in a dissolution and winding up of Hastings' business. Subsequently, Plaintiff instituted this suit, seeking a determination of the fair value of its distributional interest in Hastings under the Illinois Limited Liability Company Act, 805 Ill. Comp. Stat. 180/35-65.

A non-jury trial was held in this matter on May 7, 2013 through May 9, 2013, and on

June 5, 2013. This Court issued its Findings of Fact and Conclusions of Law on October 10, 2013, entering judgment in favor of Plaintiff and against Hastings in the amount of $880,000, plus interest and taxable court costs. (Filing 217.) Plaintiff's claims against Puretz were dismissed with prejudice, as were Defendants' counterclaims against Plaintiff. (*Id*.) The Court declined to award attorneys' fees. (*Id*.) Specifically, the Court found that Hastings had a value of $3.9 million dollars. The Court concluded that the parties had a fifty-fifty interest in Hastings, but that the parties agreed that Puretz would contribute seventy percent of the funds necessary to purchase the bankruptcy assets, while Plaintiff agreed to contribute thirty percent. Because Plaintiff did not contribute its agreed thirty percent toward the acquisition costs, the Court subtracted the amount of this short-fall from the value of Plaintiff's distributional interest.

Defendants now ask that the Court grant them a new trial; alter, amend, and correct the Judgment and Findings of Fact and Conclusions of Law; and make new findings of fact and conclusions of law. In particular, the Court asks that the Court reassess the value of Plaintiff's distributional interest and find that Plaintiff's interest is, at most, $100,000.

## DISCUSSION

Defendants contend that the Court's valuation of $880,000 for Plaintiff's distributional interest in Hastings is incorrect because the Court failed to give effect to an agreement between the parties that capital contributions would be returned in the proportion of the parties' respective contributions before distribution of profits, and is inconsistent with Section 180/35-10(b) of the Illinois Limited Liability Company Act, which applies to the distribution of assets in winding up a limited liability company's business. Section 180/35-10(b) provides that "[e]ach member is entitled to a distribution upon the winding up of the limited liability company's business, consisting of a return of all contributions that have not previously been returned and a distribution of any remainder in equal shares." 805 Ill. Comp. Stat. 180/35-10.

Under Federal Rule of Civil Procedure 59(a), the court may "grant a motion for a new trial to all or any of the parties on all issues or on particular issues." *Gomez v. Tyson Foods, Inc.*, No. 8:08CV21, 2013 WL 5516200, *7 (D. Neb. Oct. 2, 2013). "The standard for

granting a new trial is whether the verdict is against the great weight of the evidence." *Id*. (quotation and citation omitted). "In evaluating a motion for a new trial under Rule 59(a), the court must determine whether a new trial is necessary to prevent a miscarriage of justice." *Id*. (quotation and citation omitted). Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "serve the limited function of correcting manifest errors of law or fact . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation and citation omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id*.

Federal Rule of Civil Procedure 52(b) states that "[o]n a party's motion . . . the court may amend its findings–or make additional findings–and may amend the judgment accordingly." Fed. R. Civ. P. 52. "The purpose of 52(b) is to provide the court an opportunity to correct manifest errors of law or fact at trial." *Pro Edge L.P. v. Gue*, 377 F.Supp.2d 694, 698 (N.D. Iowa 2005) (citations omitted). Motions made under Rule 52(b) "are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories of law." *Id*. (quotation and citation omitted).

Defendants have not shown that a new trial is warranted or that the Court made a manifest error of law or fact. In reaching its decision in this case, the Court thoroughly reviewed and considered the Illinois Limited Liability Company Act. The Court also carefully reviewed the evidence and testimony adduced at trial, which included, among other things, an evaluation of the credibility of witness testimony and the weight to be given to such testimony. Contrary to Defendants' contention, the evidence does not support a finding that the parties agreed that capital contributions would be returned in the proportion of the parties' respective contributions before distribution of profits. The Court's valuation of Plaintiff's distributional interest was proper and consistent with the Act and the evidence presented.

After carefully considering each argument presented in the parties' respective briefs,

**IT IS ORDERED** that Defendants' Renewed Motion for Judgment Pursuant to Rule 52(c), Motion for New Trial, and Motion to Alter, Amend, and Correct Judgment and Findings of Fact and Conclusions of Law (filing 219) is denied.

**DATED December 4, 2013.**

**BY THE COURT:**

**S/ F.A. Gossett
United States Magistrate Judge**